IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAMES H. PARKER, RAINA PARKER, L.J. PARKER,<br><br>Plaintiffs,<br><br>vs.<br><br>GREAT FALLS POLICE DEPARTMENT, CASCADE COUNTY SHERIFF'S OFFICE, MONTANA CHILD PROTECTIVE SERVICES, MERCEDES A. OXFORD KEMP, VINCE VAN DER HAGEN, SHERRI L. PAWN, MARIHA SATTERWHITE, SAM HARRIS,<br><br>Defendants. | CV 25-68-GF-DWM<br><br><br><br>ORDER |

Plaintiff James H. Parker ("Parker") filed a Complaint, on behalf of himself and his two children, generally alleging the Defendants violated his civil and constitutional rights in conjunction with his 2020 Cascade County "youth in need of care proceedings." *See generally*, (Doc. 2.) Apparently as a result of these proceedings, Parker's parental rights were terminated. (*Id*. at 5.) In addition to the

1

law enforcement entities, Parker names Cascade County Attorney, Mercedes A. Oxford Kemp, in addition to his own attorney, Vince Van der Hagen, and the attorneys who represented his wife and his children, Sherri L. Pawn and Sam Harris, respectively. (*Id.* at 3.) Parker also lists individuals involved with the Department of Child Protective Services, including Mariha Satterwhite, a case worker. (*Id.*) Parker claims that he never had the opportunity to appeal the district court's termination decision and that due to COVID-19, his parental rights were terminated during a "zoom" hearing. (*Id.* at 5.)

Parker seeks leave of the Court to proceed in forma pauperis ("IFP"). (Doc. 1.) Although he has not supplied a copy of his account statement, there is no reason to delay this matter further. The motion will be granted.

As explained below, Parker fails to state a claim for relief, seeks relief from Defendants who are immune under 42 U.S.C. § 1983, and claims contained in Parker's Complaint are untimely. The matter will be dismissed.

## I. Screening Analysis

Parker is a prisoner proceeding in forma pauperis so the Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A. These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

## II. Relief Requested

Parker asks this Court to hear his state parental rights case anew based upon his showing of "good cause and good faith." (Doc. 2 at 5.) He requests that he be provided due process and a fair trial. (*Id.*)

## III. Analysis

As explained below, Parker's present complaint fails for several reasons. Accordingly, it will be dismissed.

### i. Federal Violation

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges, or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (*quoting Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In this matter, Parker does not identify a specific federal constitutional or statutory right that he claims was violated by state officials, instead he generally alleges that his right to due process was violated. The manner in which he believes his rights were violated is entirely unclear. Paker has failed to state what he believes defendants did, or failed to do, in violation of his federal rights.

3

As his complaint stands, Parker has not adequately identified a protected interest, much less deprivation of a right that would give rise colorable claim. He only suggests a conclusory claim that when the state of Montana terminated his parental rights, there was a corresponding violation. In short, Parker has failed to identify a plausible federal violation.

### ii. Improper Defendants

Even assuming Parker could state a claim under 42 U.S.C. § 1983, the next deficiency in his Complaint is that he has named improper defendants.

For example, Parker fails to state a claim against County Attorney Mercedes A. Oxford Kemp, as she is entitled to absolute immunity. Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F. 3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F. 3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430-31. Any acts taken by Defendant Kemp related to the investigation and termination of Parker's parental rights were all intimately associated with the

4

judicial phase of the process. Kemp was acting in her function as advocate during these proceedings; she is entitled to prosecutorial immunity.

Parker is further advised that the public defenders and/or conflict attorneys that were appointed to represented him are not state actors for purposes of Section 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)(public defender who is performing a lawyer's traditional functions as counsel is not acting under color of state law); *Miranda v. Clark Cty. of Nev.*, 319 F. 3d 465, 468 (9th Cir. 2003)(affirming dismissal because the public defender represented the plaintiff's interest during proceeding, not the state's interests). Accordingly, Parker fails to state a claim under § 1983 against Defendants Office of the Public Defender or Vince Van der Hagen, for the actions they may have undertaken defending Parker's interest in the termination proceedings.

### iii. Statute of Limitations

Additionally, Parker filed his Complaint outside the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. *See*, MCA § 27-2-204(1). Parker's complaint was filed August 14, 2025, therefore all claims

accruing prior to August 14, 2022, appear to be barred by the applicable statute of limitations.

Parker's claims are untimely; the acts underlying Parker's claims, specifically the termination of his parental rights, accrued prior to and fall outside the limitations period.

### IV.   Conclusion

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Parker names defendants who are immune from suit for purposes of Section 1983. Parker's claims are barred by the applicable statute of limitations period, and he has failed to state a claim upon which relief may be granted. These defects

could not be cured by amendment. Accordingly, granting Parker leave to amend would be futile. This matter will be dismissed.

V.     **"Strike" under 28 U.S.C. §1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Parker has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016)(*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). The dismissal of this case will constitute a strike. *See* 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

## ORDER

1. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. Parker's motion for leave to proceed in forma pauperis (Doc. 1) is GRANTED.

7

3. The Clerk of Court is directed to have the docket reflect, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court certifies that any appeal of this decision would not be taken in good faith.

4. The Clerk of Court is directed to have the docket reflect, pursuant to 28 U.S.C. § 1915(g), that this dismissal counts as a strike because the Complaint fails to state a federal claim upon which relief may be granted.

DATED this 9th day of September, 2025.

_____
Donald W. Molloy, District Judge
United States District Court